Andrew Popovich and Zora Popovich v. Commissioner.
Popovich v. Commissioner
Docket No. 390-64.
United States Tax Court
T.C. Memo 1965-174; 1965 Tax Ct. Memo LEXIS 154; 24 T.C.M. (CCH) 923; T.C.M. (RIA) 65174; June 28, 1965
*154 1. Petitioners failed to prove that they are entitled to a deduction in 1960 for a loss on certain Kingdom of Rumania bonds purchased in 1938. 2. Amount of deduction for business use of automobile determined. Andrew Popovich, pro se, 3501 Ithaca St., North, St. Petersburg, Fla. William J. Girard, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1960 in the amount of $553.63. The issues for decision are *155 whether petitioners are entitled to deductions for (1) a loss on worthless securities and (2) business automobile expenses. Petitioners conceded at the trial that they were not entitled to a deduction for premiums paid for hospital insurance. Findings of Fact The stipulated facts are so found. Petitioners were husband and wife residing in Chicago, Ill., in 1960. They filed a joint income tax return for the year 1960 with the district director of internal revenue at Chicago, Ill.
Andrew Popovich, hereinafter referred to as petitioner, formerly of Rumania, was a chaplain for four mental hospitals and one prison in the State of Illinois during 1960. In the conduct of this employment he used his personal automobile to travel to and from the various hospitals and the prison, some of which were located some distance from Chicago. He was reimbursed by his employer for the use of his automobile and he reported this reimbursement as income. He claimed 75 percent of his automobile expenses, including depreciation, oil and gas, repairs and maintenance, and insurance, as a business expense on his return for 1960. Respondent determined that petitioners were entitled to deduct two-thirds *156 of the amounts claimed on their return for depreciation of the automobile and, gasoline, and one-half of the amounts claimed for repairs and maintenance and automobile insurance. Petitioner purchased 10 $500 Kingdom of Rumania, Monopolis Institute 7-percent bonds in 1938, at a total cost of $1,212.50. The bonds matured in 1959. Interest coupons since 1934 as well as principal were in default. There has been no market for these bonds since some years prior to 1960. Petitioners claimed a $1,500 deduction on their 1960 return as a loss for the worthlessness of these bonds, which respondent disallowed because petitioners had failed to establish that the bonds became worthless in 1960. Opinion The principal issue is the deductibility of a loss on the worthlessness of the Rumanian bonds. In their petition filed herein petitioners alleged that the United States and Rumania were at war December 12, 1941, and that the "bonds became worthless as a war loss under section 127 of the Internal Revenue Code of 1939 as of that date." Of course the provisions of the Internal Revenue Code of 1954 control the deductibility of this loss for the year 1960. For reasons apparent from a review of section *157 127(a) of the 1939 Code, the deduction for war losses allowed by that section has no counterpart in the 1954 Code. So we will consider petitioners' claim as being based on section 165(g) of the 1954 Code, [1] which provides a deduction for losses resulting from securities becoming worthless during the taxable year. Petitioners have the burden of bringing themselves within the provisions of a section of the Code allowing the deduction, which we assume to be section 165(g) here. In order to sustain their burden in this respect, petitioners must not *158 only show that the bonds had value at the end of 1959, but also must prove some identifiable event which establishes the subsequent loss in 1960. Bella Feinstein, 24 T.C. 656 (1955). Petitioners have failed in both respects. The only evidence offered by petitioners was the testimony of Andrew that he had made inquiries from his broker about the marketability of these bonds and had been advised that there had been no American market for these bonds since 1941 or 1942. This evidence, as indeed the allegation quoted above from the petition, tends to disprove rather than prove that these bonds became worthless in 1960. Consequently, we conclude that petitioners have failed to carry their burden of proof on this issue and we hold for respondent on the issue. The second issue is the deductibility of a portion of the automobile expenses claimed as a business expense on petitioners' return for 1960. It appears to the Court that if petitioners are entitled to deduct two-thirds of the gasoline claimed during the year, which respondent allowed in his notice of deficiency, they should also be entitled to deduct two-thirds of the amount claimed for maintenance and repairs of the *159 automobile and two-thirds of the amount claimed for automobile insurance, rather than one-half of the latter two items as allowed in the notice of deficiency. We find that the evidence offered by petitioner supports his claim that a considerable portion of the use of his automobile during the year 1960 was for business. There appears to be little dispute between the parties with respect to the total amounts expended, or computed for depreciation, and respondent conceded at the trial that petitioners should be allowed to deduct two-thirds of the amount claimed for repairs and maintenance of the automobile and two-thirds of the amount claimed for automobile insurance, and we sold hold. *
To reflect the latter adjustments, Decision will be entered under Rule 50. Footnotes
1. SEC. 165. LOSSES. * * *
(g) Worthless Securities. - (1) General rule. - If any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall, for purposes of this subtitle, be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset. (2) Security defined. - For purposes of this subsection, the term "security" means - * * *
(C) a bond, debenture, note, or certificate, or other evidence of indebtedness, issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form.↩
*. This paragraph was substituted for the last paragraph in the original opinion by official order of the Tax Court dated July 28, 1965 and signed by Judge Drennen↩.